UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | CASE NO. CR16-277RSM |
|---|---|
| Plaintiff, | ORDER DENYING DEFENDANT'S RULE 33 MOTION FOR A NEW TRIAL |
| v. | |
| ROBERT D. THORSON | |
| Defendant. | |

## I.     INTRODUCTION

This matter comes before the Court on Defendant Robert D. Thorson's Rule 33 Motion for a New Trial. Dkt. #115. Upon full consideration of the record, and for the reasons discussed herein, Mr. Thorson's motion is DENIED.

## II.     BACKGROUND

On October 19, 2016, Mr. Thorson was charged in a two-count indictment with one count of Production of Visual Depictions of Minors Engaged in Sexually Explicit Conduct (Count 1), and one count of Possession of Visual Depictions of Minors engaged in Child Pornography (Count 2). Dkt. #1. Mr. Thorson plead not guilty to both counts, and he was detained pending trial. *See* Dkts. #7 and #9.

Less than a month later, on November 10, 2016, the Court held a status hearing to determine whether to grant Mr. Thorson's unopposed motion for a trial continuance. *See* Dkts.

#12, #13, and #15. At this hearing, Mr. Thorson expressed dissatisfaction with his counsel, explained he did not think he could get a fair trial if he was represented by a public defender, and he made a request to proceed *pro se*. Dkt. #15 at 4-6. The Court advised Mr. Thorson of the disadvantages of proceeding *pro se*, explained why the Court was granting a continuance, and offered to appoint someone from the Court's Criminal Justice Act ("CJA") panel to represent Mr. Thorson if he was adamant in refusing representation from a federal public defender. *Id*. at 4-12. In response to the Court's CJA representation offer, Mr. Thorson stated: "I would like that, because me and Ms. Deutsch, we argue every time we meet. We cannot agree on anything. And so it's just a personality conflict that can't be overcome." *Id*. at 12. Because Mr. Thorson agreed to be represented by CJA counsel, the Court appointed attorney Stephan Illa to represent Mr. Thorson on November 14, 2016. *See* Dkt. #14. The pretrial motions deadline was continued to January 9, 2017, and trial was set to begin on February 6, 2017. Dkt. #13.

On January 24, 2017, the Court held a pretrial conference. At that conference, the Court ruled on the parties' outstanding motions *in limine*. *See* Dkt. #46. In one motion, the government sought to preclude Mr. Thorson from testifying about the government's failure to introduce photographic evidence of Mr. Thorson's genitals.[1] Dkt. #26 at 1-4. *Id*. Additionally, predicting that Mr. Thorson might try to introduce a non-testimonial display of his genitals at trial, the government also moved for an order granting it permission to photograph Mr. Thorson's genitals. Dkt. #37 at 1-4. The government reasoned that photographs, not in-court exposure, would be the proper way for Mr. Thorson to display any unique markings on his genitals. *Id*. at 2. Because Mr. Thorson's counsel indicated he did not intend to introduce either

---

[1] In its motion, the government also sought to preclude Mr. Thorson from testifying about the uniqueness or "otherwise peculiarly identifiable" nature of his genitals. Dkt. #26 at 1-4. However, the government did not follow up on this request in its Reply to Mr. Thorson's Response, *see* Dkt. #37, or at the parties' pre-trial conference. Consequently, the Court only addressed the government's request to preclude Mr. Thorson from testifying about the government's failure to introduce photographic evidence.

testimonial or non-testimonial evidence about Mr. Thorson's genitals, the Court granted the government's motion *in limine* (Dkt. #26), and the government's motion to photograph Mr. Thorson's genitals was denied. *See* Dkt. #46.

At the pretrial conference, Mr. Thorson again requested to proceed *pro se*. In response to this request, Mr. Thorson was told to file his motions through his counsel. After the pretrial conference, Mr. Thorson filed five motions through counsel. *See* Dkts. #48, Exs. A and B, and #49, Exs. A, B, and D. Although Mr. Thorson did not move to proceed *pro se* in any of the five motions, the Court nonetheless held a *Faretta* hearing on January 30, 2017. *See* Dkt. #66. Following questioning by the Court, Mr. Thorson declined to proceed *pro se*. *Id*.

Trial began on February 8, 2017. On the third day of trial, Mr. Thorson took the stand. *See* Dkt. #83. While on the stand, Mr. Thorson sought to exculpate himself by testifying about a tattoo on his genitals. Because Mr. Thorson's testimony ran contrary to representations made by his counsel at the parties' pretrial conference, the government renewed its request to photograph Mr. Thorson's genitals. Mr. Thorson did not object to this request, and Mr. Thorson's genitals were photographed. On the fourth day of trial, the government sought to reference Mr. Thorson's prior objections to having his genitals photographed. Mr. Thorson's counsel objected to this line of questioning on the grounds that these questions burdened his post-arrest right to remain silent. Mr. Thorson's objection was denied. Later that day, near the end of the government's rebuttal case, Mr. Thorson once again sought to proceed *pro se*. This request was denied.

On February 13, 2017, the jury found Mr. Thorson guilty of one count of Production of Visual Depictions of Minors Engaged in Sexually Explicit Conduct and one count of Possession of Visual Depictions of Minors engaged in Child Pornography. Dkt. #87.

### III. LEGAL STANDARD

Rule 33 of the Federal Rules of Criminal Procedure allows defendants to move for a new trial after a verdict is rendered. Upon the filing of this motion, if the interest of justice so requires, courts may vacate a judgment and grant a new trial. FED. R. CRIM. P. 33(a). Motions for a new trial are "directed to the discretion of the district judge," and they should only be granted with caution. CHARLES ALAN WRIGHT & SARAH N. WELLING, CRIMINAL 4TH FEDERAL PRACTICE AND PROCEDURE § 581 at 436; *see United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (motions for a new trial should only be granted "in exceptional cases in which the evidence preponderates heavily against the verdict" (internal quotation marks omitted)). Because Rule 33 motions are based on the presumption that a verdict is valid, defendant bears the burden of persuasion in moving for a new trial. CHARLES ALAN WRIGHT & SARAH N. WELLING, CRIMINAL 4TH FEDERAL PRACTICE AND PROCEDURE § 581 at 437. "[I]f the substantial rights of the defendant [are] not affected, court[s] should refuse to grant the defendant's motion." *Id*. at 436.

### IV. DISCUSSION

Mr. Thorson bases his motion for a new trial on two grounds. Dkt. #115 at 1. Mr. Thorson first argues his Fifth Amendment right against self-incrimination was violated when the government referenced his state-court objections to having his genitals photographed. *Id*. at 1, 10. According to Mr. Thorson, the government's reference to his prior objections impermissibly burdened his right to remain silent, his right to counsel, and his right to make legal objections. *Id*. 11-13. Mr. Thorson next argues his Sixth Amendment right to self-representation was violated when the Court denied his requests to proceed *pro se*. *Id*. 14-15. The Court addresses each of these bases in turn.

### a. Mr. Thorson's Fifth and Sixth Amendment Rights Were Not Improperly Burdened at Trial.

Mr. Thorson's right to remain silent, his right to trial counsel, and his right to make legal objections were not improperly burdened when the government referenced Mr. Thorson's state-court objections to having his genitals photographed. Mr. Thorson's argument to the contrary rests on the assertion that the government's reference to his state-court objections implied that if Mr. Thorson actually had a tattoo on his genitals, "he should have said something about it from the get-go, rather than wait until trial to reveal it." Dkt. #115 at 12. Mr. Thorson contends "[t]here is no difference between this and arguing that an innocent person would have given a statement to the police, rather than waiting until trial to testify." *Id*. Mr. Thorson thus argues the government impermissibly commented on his post-arrest silence. *Id*. at 12. The record does not support Mr. Thorson's version of events at trial.

The government did not reference Mr. Thorson's post-arrest silence at trial. Contrary to Mr. Thorson's assertions, the government at no point argued that Mr. Thorson should have said something about the tattoo on his genitals. Instead, after Mr. Thorson first testified about the tattoo, the government questioned Mr. Thorson about his state-court objections to allow the jury to consider Mr. Thorson's credibility and the possibility he may have delayed prior photography attempts in order to tattoo his genitals. *See* Dkt. #119 at 5. Mr. Thorson's state-court objections were also referenced to counter Mr. Thorson's explanation of why he refused to comply with the state-court order compelling photography of his genitals. The government's reference to Mr. Thorson's prior objections thus did not impermissibly comment on Mr. Thorson's post-arrest silence.

Mr. Thorson also fails to demonstrate the government's reference to his state-court objections burdened his right to counsel and his right to trial. Mr. Thorson does not explain how

his right to counsel was burdened at trial; instead, he merely concludes the government's mention of his use of state-court appointed counsel to object to the state-court order violates due process. Dkt. #115 at 12-13. Mr. Thorson similarly fails to demonstrate his right to trial was burdened when the government mentioned his state-court objections. To support this argument, Mr. Thorson simply concludes the government's reference to his objections burdened his right to counsel. *Id*. at 13. Because Mr. Thorson fails to explain how his right to counsel and his right to trial were burdened by the government, the Court does not find the interest of justice warrants granting him a new trial.

**b. Mr. Thorson's Sixth Amendment Right to Proceed *Pro Se* Was Not Violated.**

The Sixth Amendment right to counsel includes a defendant's right to self-representation. *Faretta v. California*, 422 U.S. 806, 819-20 (1975). However, defendants must make an unequivocal request to proceed *pro se* before the Court holds a hearing (known as a *Faretta* hearing) to determine "whether the defendant is knowingly and intelligently forgoing his right to appointed counsel." *United States v. Farias*, 618 F.3d 1049, 1051-52 (9th Cir. 2010). A request is unequivocal where a defendant "make[s] an explicit choice between exercising the right to counsel and the right to self-representation so that a court may be reasonably certain that the defendant wishes to represent himself." *United States v. Arlt*, 41 F.3d 516, 519 (9th Cir. 1994). Mr. Thorson contends his right to proceed *pro se* was violated because the court did not hold a *Faretta* hearing contemporaneous with his requests to proceed *pro se* on November 10, 2016, and on January 24, 2017. Mr. Thorson argues that had his *Faretta* hearing been held on January 24, 2017, instead of January 30, 2017, he would have chosen to represent himself. Mr. Thorson's arguments are not persuasive.

1      Mr. Thorson's Sixth Amendment right to counsel was not violated because his November 2016 request to proceed *pro se* was not unequivocal. At his November 10, 2016 status conference, Mr. Thorson expressed a desire to represent himself because he did not wish to be represented by a public defender. The Court listened to Mr. Thorson's concerns about public defenders, and then advised him of the disadvantages of proceeding *pro se*. After the Court made Mr. Thorson aware that a CJA panel attorney could represent him, Mr. Thorson agreed to representation from a CJA panel attorney, and he was subsequently appointed counsel. Because Mr. Thorson agreed to CJA representation, his request to proceed *pro se* was not unequivocal. What's more, between the date of Mr. Thorson's CJA appointment and his pre-trial conference in January 24, 2017, Mr. Thorson at no point requested to proceed *pro se*.

     Mr. Thorson's right to proceed *pro se* was also not violated in January 2017. Delayed *Faretta* hearings may cause structural error, and violate the Sixth Amendment, where a defendant is deprived of "'a fair chance to represent his case in his own way.'" *McKaskle v. Wiggins*, 465 U.S. 168, 177 (1984); *see United States v. Rice*, 776 F.3d 1021, 1025-26 (9th Cir. 2015) (four-month delay in holding *Faretta* hearing was not structural error where, despite delay, defendant was granted a fair opportunity to represent his case in the way he desired). Here, Mr. Thorson does not explain how a six-day delay in holding a *Faretta* hearing prevented him from representing his case in his own way. Instead, Mr. Thorson simply concludes he was "disadvantaged" because the Court ruled on his pre-trial motions on January 24, 2017.

     Notwithstanding Mr. Thorson's unsupported conclusions, the Court disagrees that holding a *Faretta* hearing six days after Mr. Thorson requested to proceed *pro se* disadvantaged him to such a degree he no longer had a "fair chance to represent his case in his own way." Mr. Thorson's arguments to the contrary fail to acknowledge that even had a Faretta hearing

been held on January 24, 2017, the Court would not have considered new pre-trial motions because the deadline for filing those motions had already passed. *See* Dkt. #13 (pre-trial motions deadline was January 9, 2017). Mr. Thorson also fails to acknowledge that, even though he was still represented by counsel after January 24, 2017, he nonetheless presented his case in his own way by filing his hand-written motions through his counsel. *See* Dkts. #48, Exs. A-B and #49, Exs. A, B, and C. Notably, even though the deadline for pre-trial motions had passed, the Court considered the motion to recuse and motion to dismiss Mr. Thorson sought to present at his pre-trial conference. *See* Dkts. #48, Ex. A and B, #50, #52, #54. Given these circumstances, the Court does not agree that Mr. Thorson's Sixth Amendment right to represent himself was violated.

In summary, Mr. Thorson has not shown the "interest of justice" demands a new trial. His motion for a new trial is accordingly DENIED.

## V. CONCLUSION

The Court, having considered Mr. Thorson's motion, the government's response thereto, Mr. Thorson's Reply, and the remainder of the record, hereby finds and ORDERS:

1) Mr. Thorson's Motion for a New Trial (Dkt. #115) is DENIED; and
2) The Clerk of the Court is directed to forward a copy of this Order to Mr. Thorson and all counsel of record.

Dated this 16 day of May, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE