UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT D. THORSON,

Defendant.

Case No. CR16-277 RSM

ORDER DENYING DEFENDANT'S PENDING MOTIONS

This matter comes before the Court on Defendant Robert D. Thorson's Motion to Dismiss Indictment Pursuant to Fed. R. Civ. P. 12(b) for Lack of Subject Matter Jurisdiction and Violation of Fifth Amendment ("Motion to Dismiss"). Dkt. #152. Mr. Thorson subsequently filed a Motion to Amend Rule 12(b) Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Amend"). Dkt. #153.[1] For the following reasons, the Court denies both motions.

Mr. Thorson was convicted and sentenced on May 12, 2017, and immediately appealed his conviction to the Ninth Circuit Court of Appeals. Dkts. ##130, 132. Mr. Thorson's appeal is currently pending before the Ninth Circuit Court of Appeals. *United States v. Thorson*, Case No. 17-30100 (9th Cir. 2018).

---

[1] The Court notes that this motion is not noted until May 18, 2018, but finds that a response from the United States is unnecessary for the resolution of the motion.

ORDER – 1

Mr. Thorson now argues before this Court that the indictment was deficient, did not confer subject matter jurisdiction on the Court, and must therefore be dismissed. Dkt. #152. Mr. Thorson argues that the Court must address his subject matter jurisdiction arguments at this time, quoting a civil case:

> "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); Fed. R. Civ. P. 12(b)(1). The Court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Dkt. #152 at 9 (quoting *Demmings v. KKW Trucking, Inc.*, 2017 U.S. Dist. LEXIS 46455, 2017 WL 1170856, No. 3:14-cv-494-SI (D. Or. March 29, 2017)).

Mr. Thorson is correct that "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). But Mr. Thorson's appeal to the Ninth Circuit Court of Appeals divested this Court of control over the issue. *United States v. Najjor*, 255 F.3d 979, 983 (9th Cir. 2001) (appeal "conferred jurisdiction on the court of appeals and divested the district court of its control over those aspects of the case involved in the appeal") (citing *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993)). Unquestionably, this Court's jurisdiction is involved in Mr. Thorson's appeal.

> A federal appellate court "has a special obligation to 'satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review,' even though the parties are prepared to concede it." *Bender v. Williamsport Area School District,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986) (quoting *Mitchell v. Maurer,* 293 U.S. 237, 244, 55 S.Ct. 162, 165, 79 L.Ed. 338 (1934)). We review *de novo* a district court's assumption of jurisdiction. *United States v. Hill,* 719 F.2d 1402, 1404 (9th Cir. 1983).

*United States v. Jones*, 852 F.2d 1235, 1237 (9th Cir. 1988). Mr. Thorson's arguments are accordingly, for the Court of Appeals. *Grant v. United States*, 291 F.2d 746, 748 (9th Cir. 1961)

ORDER – 2

(noting that a sufficiency of the indictment argument that reaches a matter of jurisdiction can be raised for the first time before the appellate court). Further, even assuming Mr. Thorson's motions are timely before this Court, the Court can properly deny the motions due to the pending appeal. Fed. R. Crim. P. 37(a)(2).

Accordingly, the Court finds and ORDERS that:

1. Defendant's Motion to Dismiss Indictment Pursuant to Fed. R. Civ. P. 12(b) for Lack of Subject Matter Jurisdiction and Violation of Fifth Amendment (Dkt. #152) is DENIED.

2. Defendant's Motion to Amend Rule 12(b) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #153) is DENIED.

DATED this 9th day of May 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3