UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ROBERT D. THORSON,<br><br>Defendant. | CASE NO. CR16-277RSM<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on the "Motion for Humanitarian Relief and Compassionate Release," filed by Defendant Robert Thorson on behalf of himself and others similarly situated. Dkt. #163. Mr. Thorson, an inmate at FCI Sheridan in Oregon, moves "for an order of compassionate release of all prisoners over the age of fifty five years on humanitarian grounds," citing the COVID-19 pandemic. *Id.*

Mr. Thorson drafted his Motion on March 27, 2020, and initially mailed it to the United States District Court for the District of Oregon. *Id*. at 7. It was postmarked on April 14, the Oregon court forwarded it along without a cover letter, and this Court finally received it on April 20. It was processed and added to the docket on April 23.

As an initial matter, the Court has interpreted this as a Motion for Compassionate Release because it is titled as such, however Mr. Thorson refers to himself as a plaintiff rather than a

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 1

defendant, brings the Motion on behalf of a group of plaintiffs, fails to discuss his own health or criminal record, and cites no legal argument to support compassionate release. As stated below, this Motion is procedurally deficient as a motion for compassionate release but would be procedurally deficient as any other kind of Motion seeking this relief.

Mr. Thorson includes no legal argument and admits it. *Id*. at 5 ("Plaintiff has no case law, as he cannot go to the law library, but there may be no case law…"). Instead, Mr. Thorson discusses the conditions at FCI Sheridan during the lockdown for COVID-19, including allegations that the air being circulated is not properly ventilated, that staff is not wearing face masks, and that the food is being served at room temperature. *Id*. at 2–3.

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended Section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. However, such petition requires evidence that the Defendant has exhausted administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). This court and other district courts in the Ninth Circuit have considered whether district courts may create an exception to § 3582(c)(1)(A)(i)'s exhaustion requirement on the basis of the COVID-19 pandemic and concluded that failure to exhaust administrative remedies is fatal to a compassionate release petition even in light of the urgency created by COVID-19. *See United States v. Fuller*, No. CR17-0324JLR, 2020 WL 1847751, at *2 (W.D. Wash. Apr. 13, 2020).

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 2

Given Mr. Thorson's failure to include any details specific to himself and failure to include any legal analysis, this Motion is properly denied. Mr. Thorson cites no basis for a motion seeking compassionate release of others similarly situated. Mr. Thorson has also apparently failed to exhaust administrative remedies required for compassionate release. Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Compassionate Release, Dkt. #163, is DENIED.

DATED this 29th day of April, 2020.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR COMPASSIONATE RELEASE – 3