UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ROBERT D. THORSON,<br><br>Defendant. | CASE NO. CR16-277RSM<br><br>ORDER DENYING MOTION TO VACATE JUDGMENT UNDER RULE 60 |

This matter comes before the Court on Defendant Robert Thorson's November 21, 2022, "Motion to Vacate Judgment for Fraud on the Court under Rule 60(b)(3) & (6)." Dkt. #165. Mr. Thorson, an inmate at FCI Sheridan in Oregon, moves the Court to vacate its judgment and for a new trial. He moves for this relief because "it has come to light that the evidence admitted in this case was illegally obtained by state actors," because the prosecutor allegedly knew this, and because this evidence was misrepresented to the Court. *Id*. at 2. He is specifically referring to seizure of information and photographs from his cell phone in 2016. *Id*. at 3. He discusses those events and subsequent events in this case that occurred in 2017. Mr. Thorson discusses case law. He recounts the testimony at trial and attempts to challenge the truthfulness of witness testimony. He does not discuss any events since 2017. He does not discuss any new evidence discovered after his conviction.

ORDER DENYING MOTION TO VACATE JUDGMENT UNDER RULE 60 – 1

Mr. Thorson was convicted, after a jury trial, for producing and possessing child pornography in violation of 18 U.S.C. § 2251(a), (e) and 18 U.S.C. § 2252(a)(4)(B), (b)(2). Dkts. #84 and #87. He was sentenced on May 12, 2017, and immediately appealed to the Ninth Circuit. Dkts. #130, #132. The Ninth Circuit affirmed and dismissed Mr. Thorson's appeal on December 11, 2018. Dkts. #160. Now, four years later, he has filed the instant Motion.

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Mr. Thorson clearly seeks relief under subsections 3 and 6 only. *See* Dkt. #165 at 2.

A motion under Rule 60(b) must be made "within a reasonable time—and for reasons (1), (2), and (3), not more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party

ORDER DENYING MOTION TO VACATE JUDGMENT UNDER RULE 60 – 2

from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." *Id*. (internal quotation marks omitted).

As an initial matter, the Court finds that, although Mr. Thorson cites to Rule 60(b)(3) and 60(b)(6), his Motion only discusses fraud, misrepresentation, and misconduct by the Government—all clearly covered under Rule 60(b)(6). At no point does he clearly identify a separate basis for relief under Rule 60(b)(6). Accordingly, the Court finds that he has not properly sought relief under Rule 60(b)(6). *United States v. Washington, supra*. In any event, the Court would not grant Mr. Thorson's requested relief under Rule 60(b)(6) because he has not demonstrated manifest injustice or that there were extraordinary circumstances that prevented him from taking timely action to prevent or correct an erroneous judgment. To the contrary, Mr. Thorson had an opportunity to raise these issues on appeal.

This Motion is clearly untimely and will be denied on that basis alone. The Court's judgment was issued on May 12, 2017, more than five years ago. Dkt. #132. Mr. Thorson's request for relief under Rule 60(b)(3) is well beyond the one-year limitation found in Rule 60(c)(1). Even if the Court were to conclude that Mr. Thorson's Motion under Rule 60(b)(6) could proceed, it too would be untimely as it was not filed within a "reasonable time" under Rule 60(c)(1). Although the Rule does not define a "reasonable time," other Courts have found that a Rule 60(b) motion is untimely if it is filed after two years, and specifically in the circumstance of this case where the motion is filed after an appeal has been denied. *See United States v. Washington*, 20 F. Supp. 3d 899, 924, (W.D. Wash. Sep. 2, 2008) (citing cases); *Pursley v. Estep*, 2007 U.S. Dist. LEXIS 90192, 2007 WL 4322330 (D. Colo. Dec. 7, 2007).

ORDER DENYING MOTION TO VACATE JUDGMENT UNDER RULE 60 – 3

Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion under Rule 60(b), Dkt. #165, is DENIED.

DATED this 12th day of December, 2022.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE