UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ROBERT D. THORSON,<br><br>Defendant. | CASE NO. CR16-277RSM<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant Robert Thorson's January 9, 2023, Motion for Reconsideration. Dkt. #167. On November 21, 2022, Mr. Thorson filed a "Motion to Vacate Judgment for Fraud on the Court under Rule 60(b)(3) & (6)." Dkt. #165. Mr. Thorson, an inmate at FCI Sheridan in Oregon, moved the Court to vacate its judgment and for a new trial. He moved for this relief because "it has come to light that the evidence admitted in this case was illegally obtained by state actors," because the prosecutor allegedly knew this, and because this evidence was misrepresented to the Court. *Id*. at 2. He specifically referred to seizure of information and photographs from his cell phone in 2016. *Id*. at 3. He discussed those events and subsequent events in this case that occurred in 2017. Mr. Thorson discussed case law. He recounted the testimony at trial and attempts to challenge the truthfulness of witness testimony.

ORDER DENYING MOTION FOR RECONSIDERATION – 1

He did not discuss any events after 2017. He did not discuss any new evidence discovered after his conviction.

On December 12, 2022, the Court denied the Rule 60(b) Motion as untimely. Dkt. #166.

Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2).

The Court has reviewed the instant Motion for Reconsideration and finds that it fails to set forth any manifest error in the prior ruling. Mr. Thorson cites to a tolling provision in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and subsequent case law; this concerns the filing of a habeas petition. Mr. Thorson has not filed a habeas petition but rather a Rule 60 motion. Rule 60 motions such as Mr. Thorson's are to be filed "no more than a year after the entry of judgment." *See* Rule 60(c)(1); Dkt. #166. Mr. Thorson's Motion should have been filed within a year of entry of judgment. The pendency of an appeal does not toll the running of Rule 60(c)(1)'s one-year limitation period. *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989).

Even if the Court tolled the deadline for filing a Rule 60 motion until the time cert was denied for his appeal, in October 2020, Mr. Thorson's Rule 60 motion would still be untimely. Mr. Thorson introduces new facts in an attempt to equitably toll the deadline. Mr. Thorson has failed to demonstrate that these facts could not have been brought to the Court's attention earlier

ORDER DENYING MOTION FOR RECONSIDERATION – 2

with reasonable diligence. Even if he had included these facts in his original Rule 60 motion, the Court would not have equitably tolled the deadline because he has not shown that his time in solitary confinement prevented him from requesting relief from the deadline based on an inability to obtain legal records. Simply put, Mr. Thorson's extreme delay in filing this Motion is not reasonable.

Accordingly, having reviewed the Motion, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant's Motion for Reconsideration, Dkt. #167, is DENIED.

DATED this 13th day of January, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION – 3